**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Javon Michelle Williams, | ) | C/A No.: 2:23-cv-2527-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| Dollar Tree Stores, Inc., | ) | **(JURY TRIAL REQUESTED)** |
| | ) | |
| Defendant. | ) | |

Plaintiff Javon Williams ("Plaintiff" or "Williams") complaining of Defendant Dollar Tree Stores, Inc. ("Dollar Tree") would respectfully show unto the Court as follows:

**PARTIES**

1. Plaintiff Javon Williams is a citizen and resident of Berkeley County, South Carolina.

2. Defendant Dollar Tree Stores, Inc. owns and operates a Dollar Tree designated as Store #3054, located at 5160 Ashley Phosphate Road, North Charleston, South Carolina.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in the United States District Court based on 28 U.S.C. §1332(a), as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in the United States District Court for the District of South Carolina, Charleston Division pursuant to 28 U.S.C. §1391(b) and Local Civil Rule 3.01, as a substantial part of the events, acts, and omissions giving rise to this claim occurred in this Division, and Plaintiff is in this Division.

## FACTS

5. On or about December 1, 2020, Williams traveled to the Dollar Tree located on Ashley Phosphate Road to shop for a gift for a co-worker.

6. While shopping at Dollar Tree, Williams encountered a wet slippery surface on the floor located at the end of a shopping aisle covered by fluid from a blow bubble bottle display.

7. The condition of the shopping aisle floor violates safe business practices, South Carolina building codes, and industry standards.

8. As a direct and proximate result of her trip and fall, Williams suffered injuries to her foot, ankle, Achilles, and related tendons. She has been forced to undergo physical therapy to remediate the pain and damage caused from these injuries and will need to undergo surgery as a result of this fall.

9. Williams continues to have pain, discomfort, and limitations caused by her injury.

10. At the time this incident occurred, Williams was an invitee. As such, Defendant owed her a duty to exercise reasonable and ordinary care in keeping the store free and clear of dangerous conditions.

## FOR A FIRST CAUSE OF ACTION
### (Negligence, Gross Negligence, and Negligence Per Se)

11. Each and every allegation set forth in Paragraphs 1-10 hereinabove is incorporated as if fully set forth herein verbatim.

12. Defendant, at the time and place mentioned above, owed Plaintiff a duty to maintain the shopping aisles, keep them free from defects, and maintain the property pursuant to the South Carolina building codes and industry standards.

13. Defendant breached the duty it owed to Plaintiff, and Plaintiff suffered injuries that were directly and proximately caused by the carelessness, negligence, recklessness, wantonness, and heedlessness of Defendant in each of the following particulars:

  a. In failing to warn of the dangerous and unsafe conditions of the floors;

  b. In failing to take adequate safety measures, including but not limited to, maintaining safe floors;

  c. In failing to inspect the floors and to adequately provide for the safety of pedestrians and patrons;

  d. In failing to inspect the floors for defects; and

  e. In setting up a display that allowed shoppers to blow bubbles, creating a dangerous slippery condition.

14. Defendant knew, or should have known, that the condition of the floor created a dangerous condition for patrons and pedestrians.

15. The applicable building codes and other industry standards set out safety regulations that ensure patrons will be safe while visiting a property. These codes are intended to protect visitors, like Williams, from injury.

16. Defendant was negligent and grossly negligent in breaching the duties owed to Plaintiff.

17. Defendant's acts and omissions were the proximate cause of the damages suffered by Plaintiff.

18. As a result of Defendant's negligence, Williams suffered, and continues to suffer, damages including, but not limited to:

  a. Healthcare expenses;

  b. Physical pain and suffering;

  c. Mental and emotional distress;

      d.      Loss of ability to be productive and loss of wages; and

      e.      Loss of enjoyment of life and hobbies.

19.    Plaintiff is entitled to, and prays for, an award of damages against Defendant, both actual and punitive, and in an amount deemed sufficient to compensate her fully for all losses, damages, past, present, and future, as well as punitive damages in an amount deemed sufficient to impress upon Defendant the seriousness of its conduct and to deter such similar conduct in the future.

**FOR A SECOND CAUSE OF ACTION**
**(Premises Liability)**

20.    Each and every allegation set forth in Paragraphs 1-19 hereinabove is incorporated as if fully set forth herein verbatim.

21.    As the owner and operator of the store, Defendant owed a heightened duty of care to patrons of the store.

22.    Williams was an invitee of Defendant. She entered the premises with express permission for the purpose of benefiting Defendant by shopping at Dollar Tree.

23.    Because of Williams' status as an invitee, Defendant owed Williams a duty of care to discover risks and take safety precautions to warn of, or eliminate, any unreasonable risks within the area of invitation.

24.    Defendant breached the duty it owed to Williams, and Williams suffered injuries due to, caused by, and were the direct and proximate result of, failure to maintain a safe premises in each of the following particulars:

      a.      In failing to discover the hazardous condition on the premises;

      b.      Creating the dangerous condition;

      c.      In failing to warn Plaintiff of the unsafe condition on the premises; and

      d.      In failing to adhere to building codes and industry standards.

25. Defendant knew, or should have known, that the condition of the floors created a dangerous condition for patrons and pedestrians.

26. As the owner of the premises, Defendant was in violation of the heightened standard of care it owed to its invitees.

27. As the operator of the premises, Defendant was in violation of the heightened standard of care it owed to its invitees.

28. Both the theory of premises liability and the applicable building codes and other industry standards set out safety regulations that ensure patrons will be safe while visiting a property and require Defendant to discover, repair, or warn invitees about hazardous conditions.

29. Defendant violated their duty of care owed under the theory of premises liability.

30. Defendant's acts and omissions were the proximate cause of the damages suffered by Plaintiff.

31. Plaintiff is entitled to, and prays for, an award of damages against Defendant, both actual and punitive, and in an amount deemed sufficient to compensate her fully for all losses, damages, past, present, and future, as well as punitive damages in an amount deemed sufficient to impress upon Defendant the seriousness of its conduct and to deter such similar conduct in the future.

WHERFORE, having complained of Defendant, Plaintiff requests that the Court enter judgment against Defendant in Plaintiff's favor on all causes of action and grant her such actual and punitive damages as she may be entitled and/or determined by the trier of fact, against Defendant, plus all other damages allowed by law and such other and further relief as the Court deems just and proper.

                        **McCULLOUGH KHAN, LLC**

                        <u>s/Clayton B. McCullough</u>
                        Clayton B. McCullough, Esq. (Fed. Bar #7120)
                        2036 eWall Street
                        Mount Pleasant, SC 29464
                        (843) 937-0400
                        (843) 937-0706 (fax)
                        clay@mklawsc.com

                        **Counsel for Plaintiff**

June 7, 2023
Mount Pleasant, South Carolina